GRAND RAPIDS LAW LIBRARY *v.* CARPENTER.

CONTRACTS — TERMINATION — NOTICE REQUIRED — LIBRARY ASSOCIATION.

    Where defendant gave a bond to secure his conformance with the regulations and payment of dues of a library association, and where the rules provided that permission to use the library and the agreement of the subscriber should continue for a year from the date of the application, and thereafter until terminated by a written notice, and he only claimed that he orally notified the librarian of his intention not to use the library during one year, which testimony was disputed by plaintiff's witness, findings in plaintiff's favor by the court without a jury were supported by the testimony, in an action for the dues for the said year.

Error to Kent; Brown, J. Submitted June 7, 1916. (Docket No. 21.) Decided July 21, 1916.

Debt by the Grand Rapids Law Library, a corporation, against Eugene Carpenter and another, in justice's court, upon a certain bond. From a judgment for plaintiff defendants appealed to the circuit court. Judgment for plaintiff by the court sitting without a jury. Defendants bring error. Affirmed.

*Eugene Carpenter,* for appellants.

*Oscar E. Waer,* for appellee.

OSTRANDER, J. This cause was begun and tried in justice's court, where plaintiff had judgment. Upon appeal it was tried by the court, a written finding of facts and law made, and judgment was entered for the plaintiff. In this court it is not claimed that the findings of fact are not supported by testimony, and is claimed that the questions presented are questions of law, stated in appellants' brief to be, *first,* whether the declaration states a cause of action; *second,* the effect to be given to an alleged oral notice given by defendant Carpenter to plaintiff's librarian in June, 1912, that he did not intend to use the library after January 1, 1912; *third,* whether a written notice was required to terminate whatever relation existed between defendant Carpenter and the plaintiff.

The court found:

"Findings of Fact.

"I. The plaintiff is a corporation duly organized under the laws of the State of Michigan and duly authorized to bring suit in the courts of this State.

"II. On July 24, 1909, the defendant Eugene Carpenter made application to the Grand Rapids Law Library, the plaintiff, for permission to use the Grand Rapids Law Library, the terms of his said application reading as follows:

"'To THE GRAND RAPIDS LAW LIBRARY:

"'I hereby apply for permission to use the Grand Rapids Law Library, and agree to keep all the rules and regulations thereof,

and pay all dues, fines, and penalties accruing thereunder. This agreement shall continue for one year from date and thereafter from year to year until terminated by written notice at the end of the then current quarter. Inclosed find $6.25 dues to October 1, 1909, and bond as required by the rules.'

"III. At the time of the filing of said application with said Grand Rapids Law Library, the said Eugene Carpenter also filed with said law library a bond in which he was principal, and in which Elijah Haney was surety, which bond was in the words and figures following:

" 'KNOW ALL MEN BY THESE PRESENTS, That Eugene Carpenter, of the city of Grand Rapids, Kent county, Michigan, as principal and Elijah Haney, 358 North Front street, of the city of Grand Rapids, Michigan, as surety, are held firmly bound unto the Grand Rapids Law Library, in the sum of one hundred dollars, lawful money of the United States of America, to be paid to the said Grand Rapids Law Library, or to its certain attorney or assigns, to which payment, well and truly to be made, we bind our heirs, executors, and administrators, and each and every one of them, firmly by these presents. Sealed with our seals, dated the 24th day of July one thousand nine hundred and nine. Whereas, the above bounden Eugene Carpenter has been granted permission to use the library of said Grand Rapids Law Library: Now, therefore, the condition of this obligation is such that if the said Eugene Carpenter shall keep the rules and regulations of said library, pay all dues, fines, and penalties under the same, and pay for or replace all books lost or damaged by him, then this obligation to be void· otherwise to remain in full force and virtue.

" 'EUGENE CARPENTER.     [L. S.]
" 'E. HANEY.                    [L. S.]

" 'The surety on the bond approved by the board of directors this ———— day of ————, 19—.'

"IV. The rules and regulations or by-laws of the Grand Rapids Law Library provide in part as follows:

" 'Such permission to use the library and agreement of the subscriber shall continue for one year from the date of the application, and thereafter until terminated by a written notice given by the subscriber at the end of the then current quarter.'

"The defendant Eugene Carpenter had notice of the existence of this by-law and became bound by it upon

becoming a member of the Grand Rapids Law Library.

"V. At the time of the filing of said application and said bond with the Grand Rapids Law Library the Grand -Rapids Law Library accepted the same, and the said defendant Eugene Carpenter thereupon became a member of said library in accordance with the terms of his application and bond, and in accordance with the rules and regulations of said library. The said defendant Eugene Carpenter continued as a member of said Grand Rapids Law Library under the terms of his said application and bond, and under the rules and regulation of said law library, from July 1, 1909, up to and including December 31, 1911, and prior to the 1st day of January, 1914, never gave to the Grand Rapids Law Library any written notice, nor any oral notice, terminating his membership in said library.

"VI. The said defendant Eugene Carpenter paid his dues in said Grand Rapids Law Library from July 1, 1909, up to and including December 21, 1911, at the rate of $25 per year; that sum being the annual dues of said library. The said defendant Eugene Carpenter did not pay any of the dues owing by him for the year 1912 and for the year 1913, though he was frequently requested so to do, and though written notice was sent him by plaintiff every three months during 1912 and 1913 that the said dues were due and payable. The said defendant Eugene Carpenter is therefore indebted to the Grand Rapids Law Library for his annual dues for the years 1912 and 1913, amounting to $50; together with interest on the said sums of $25, respectively, from January 1, 1913, and from January 1, 1914, which interest amounts to $5.61.

"VII. During the year 1912 and the year 1913 the Grand Rapids Law Library was at all times willing to extend and did extend to the said Eugene Carpenter all of the privileges of membership in said library, and the said Eugene Carpenter was at liberty at all times during the said years of 1912 and 1913 to avail himself of the same.

"VIII. The said Eugene Carpenter never gave to the said Grand Rapids Law Library any notice, in writing or otherwise, during the years 1912 and 1913, that he desired his membership in said law library to be terminated, and never at any time during the years

1912 and 1913 did he refuse to pay the dues accruing during said time, and it was not until after December 31, 1913, that the said defendant Eugene Carpenter terminated his membership in said Grand Rapids Law Library.

"IX. During the years 1912 and 1913 the Grand Rapids Law Library fully performed the contract created between it and the said Eugene Carpenter by the filing of the said application and bond by the acceptance of the same.

"X. The defendant Eugene Carpenter is at the present time indebted to the Grand Rapids Law Library in the sum of $55.61 for dues during the years 1912 and 1913, and for interest thereon, and the said Eugene Carpenter and Elijah Haney are liable for that amount as principal and surety under the bond given by Eugene Carpenter, with himself as principal and with Elijah Haney as surety, at the time he became a member of said Grand Rapids Law Library.

"Conclusions of Law:

"I. The contract created between the Grand Rapids Law Library and Eugene Carpenter by the filing of the application and bond hereinbefore referred to in the findings of fact was fully performed by the Grand Rapids Law Library during the years 1912 and 1913, and there is due to the Grand Rapids Law Library on account of said contract the sum of $55.61, being the dues of said Eugene Carpenter for the years 1912 and 1913, and interest thereon to date.

"II. The said defendant Eugene Carpenter became a member of said Grand Rapids Law Library on July 1, 1909, and continued as such member until and including December 31, 1913. The said Eugene Carpenter did not terminate his membership in said library in any way until after December 31, 1913.

"The plaintiff is entitled to recover from the defendants the sum of $55.61, together with the costs of suit to be taxed."

The court was requested to find that in June, 1912, the defendant Carpenter told plaintiff's librarian, who had called upon him to collect dues, that he had not used and did not intend to use the library during the year 1912. Such a finding, if material, could have been

made only upon weighing testimony.    The librarian testified that she did not receive oral notice from defendant that he had terminated his membership; the defendant testifying that he gave her such notice in June, 1912, upon an occasion when she called upon him for payment of dues.    What the court found already appears.

No reason is assigned in appellants' brief for declaring the declaration insufficient, and reference to the reasons assigned in the court below, upon the motion to dismiss, are not convincing.    The plaintiff declared upon the bond, stating, generally, its condition and the breach thereof.    The only remaining question of law suggested in the brief is whether written notice was necessary to terminate whatever relations existed between plaintiff and defendant Carpenter.    The agreement called for a written notice if the member terminated the relation.    Some notice, oral or written, would be necessary to relieve the member from the obligation to pay dues.    No notice was given, and forbearance to collect the dues by suit did not terminate the relation.    It therefore continued.

The judgment is affirmed, with costs to appellee.

STONE, C. J., and KUHN, BIRD, MOORE, STEERE, BROOKE, and PERSON, JJ., concurred.